UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM DELVALLE, JR., | ) | 1:15CV0362 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE JACK ZOUHARY |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| WARDEN, Warren Corr. Inst., | ) | |
| | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |

McHARGH, MAG. JUDGE

This 28 U.S.C. § 2254 petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2).  Before the court is the petition of William Delvalle, Jr. ("Delvalle") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  The petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of State of Ohio v. Delvalle, Case No. CR-09-530611-A (Cuyahoga County July 14, 2010).  (Doc. 10, RX 4.)  For the following reasons, the magistrate judge recommends that the petition be DENIED.

The petitioner Delvalle has filed a petition pro se for a writ of habeas corpus, arising out of his 2010 conviction for felony assault in the Cuyahoga County (Ohio) Court of Common Pleas.  In his petition, Delvalle raises a single ground for relief:

> 1. The sentencing court violated petitioner's rights against double jeopardy, thus violating the U.S. Constitution.

(Doc. 4.)

The respondent has filed a Return of Writ (doc. 10), but Delvalle has not filed a Traverse. The respondent contends that Delvalle's petition is untimely. (Doc. 10, at 8-11.)

## I. PROCEDURAL BACKGROUND

The Ohio Court of Appeals provided the following procedural background:

On November 13, 2009, appellant was indicted pursuant to a five-count indictment. Count 1 charged him with attempted murder, in violation of R.C. 2903.02(A) and R.C. 2923.02, in connection with an attack on A.P. Counts 2 and 3 charged him with felonious assault upon A.P., in violation of R.C. 2903.11(A)(1) and R.C. 2903.11(A)(2). Count 4 charged him with attempted murder, in violation of R.C. 2903.02(A) and 2923.02, in connection with an attack upon M.R.-P. Counts 5 and 6 charged him with felonious assault upon M.R.-P. All counts also set forth one- and three-year firearm specifications.

On May 27, 2010, appellant pled guilty to Count 2 (felonious assault upon A.P.) and Count 5 (felonious assault upon M.R.-P.), and one three-year firearm specification. On June 24, 2010, the trial court sentenced him to eight years on Count 2, to be served consecutively to a seven-year term on Count 5, plus three years for the firearm specification and five years of postrelease control sanctions. There was no direct appeal from the conviction.

Approximately four years later, on March 17, 2014, appellant filed a motion to "correct void sentence" arguing that his two convictions for felonious assault should have merged as allied offenses under R.C. 2941.25, and that the trial court committed plain error in failing to consider the issue of merger at the time of sentencing. In opposition, the state argued that there is no merger since each count of the convictions pertain to a separate victim, and that appellant's claims were barred by res judicata. On April 22, 2014, the trial court denied the motion.

(Doc. 10, RX 12, at [3]-[4]; State v. Delvalle, No. 101384, 2014 WL 4924228, at *1 (Ohio Ct. App. Oct. 2, 2014).)

On appeal, the court of appeals affirmed the judgment of the trial court, finding that Delvalle pled guilty to two separate felonious assault charges involving two separate victims. Since there was a separate animus for each offense, the court of appeals affirmed that the trial court was not required to merge the offenses. (Doc. 10, RX 12, at [6]; Delvalle, 2014 WL 4924228, at *2.)

Delvalle filed a petition for a writ of habeas corpus on Feb. 2, 2015, in the Southern District of Ohio. (Doc. 1.) The petition was subsequently transferred to this court, and re-filed. (Doc. 4.)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States."

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Delvalle has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993)

(strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III.  STATUTE OF LIMITATIONS

The respondent argues that the petition should be denied as untimely filed. (Doc. 10, at 8-11.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final."  Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)).  The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari.  Gonzalez v. Thaler, 132 S.Ct. 641, 653-654 (2012); Clay v. United States, 537 U.S. 522, 528 n.3 (2003).  A habeas petitioner filing for collateral relief does not benefit from the 90 day certiorari period.  Lawrence v. Florida, 549 U.S. 327 (2007) (interpreting 28 U.S.C. § 2244(d)(2)).

Delvalle's conviction became final with the expiration of time for direct review of his conviction and sentencing.  Delvalle was sentenced on his conviction

5

on June 24, 2010. (Doc. 10, RX 4, filed July 14, 2010.) Under Ohio law, Delvalle had 30 days within which to file his direct appeal after the date of sentencing. Ohio R. App. P. 4(A). Since he did not file a timely direct appeal, his conviction became final 30 days after the journal entry of sentencing on July 14, 2010. (Doc. 10, RX 4.) The statute began to run on Aug. 13, 2010, and expired one year later. See, e.g., Keeling v. Warden, 673 F.3d 452, 459-460 (6th Cir. 2012), cert. denied, 133 S.Ct. 141 (2012); Goodballet v. Mack, 266 F.Supp.2d 702, 705 (N.D. Ohio 2003). Thus, Delvalle's petition filed on Feb. 2, 2015, was untimely. 28 U.S.C. § 2244(d)(1)(A).

The limitations period is tolled while "properly filed" state post-conviction or collateral proceedings are pending. Souter v. Jones, 395 F.3d 577, 585 (6th Cir. 2005); Searcy v. Carter, 246 F.3d 515, 517-518 (6th Cir.), cert. denied, 534 U.S. 905 (2001); 28 U.S.C. § 2244(d)(2). Although filing a collateral motion may toll the running of a pending, unexpired one-year limitations period, Souter, 395 F.3d at 585, it will not "revive" the statute, or cause it to begin running anew. Hill v. Randle, No. 00-4168, 2001 WL 1450711, at *2 (6th Cir. Nov. 7, 2001); Searcy, 246 F.3d at 519; Leon v. Bradshaw, No. 1:05CV875, 2006 WL 1624430, at *4 (N.D. Ohio June 6, 2006).

Delvalle filed a motion to correct void sentence on March 17, 2014. (Doc. 10, RX 5.) However, the habeas statute of limitations had expired in August 2011. Delvalle's motion would not revive the statute, and his habeas petition is untimely.

The Supreme Court has held that the habeas statute of limitations may be subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631 (2010). However, Delvalle bears the burden of persuading the court that he is entitled to equitable tolling. Connolly v. Howes, No. 04-2075, 2008 WL 5378012, at *4 (6th Cir. Dec. 23, 2008); Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002); Day v. Konteh, No. 1:08CV0212, 2009 WL 3321388, at *10 (N.D. Ohio Oct. 13, 2009). Delvalle has failed to file a traverse, thus has made no showing toward equitable tolling.

SUMMARY

The petition for a writ of habeas corpus (doc. 4) should be denied. The statute of limitations expired in August 2011, and thus Delvalle's petition filed on Feb. 2, 2015, was untimely.

RECOMMENDATION

The petition for a writ of habeas corpus should be denied.

Dated:  Mar. 23, 2016              /s/ Kenneth S. McHargh
                                   Kenneth S. McHargh
                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file

objections within the specified time WAIVES the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).